CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 1 8 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM HOWARD PAYNE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06cv00203 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COL. RONALD MATHEWS, | ) | By: Jackson L. Kiser |
|     Defendant. | ) | Senior U.S. District Judge |

Plaintiff William Howard Payne, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Payne alleges that the Correctional Officer Thomas negligently shut his arm in the door and he was subsequently denied adequate medical care for the injury he sustained.[1] As relief, Payne seeks $225,000 in damages. Upon review of the complaint, I find that this action must be dismissed, based on Payne's admitted failure to exhaust administrative remedies.

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. In the PLRA, Congress amended 42 U.S.C. § 1997e, the provision relating to prisoners' exhaustion of administrative remedies. As amended, that section requires that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[1] The court notes that Payne failed to make any allegation against the named defendant in this cause of action.

42 U.S.C. § 1997e(a) (2000). By the plain language of the statute, exhaustion of administrative remedies is a precondition to the <u>filing</u> of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the §1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure <u>after</u> commencing the lawsuit. See <u>Dixon v. Page</u>, 291 F.3d 485 (7th Cir. 2002), <u>citing</u> <u>Perez v. Wisconsin Dep't of Corrections</u>, 182 F.3d 532, 535 (7th Cir. 1999). The United States Supreme Court has held that Section 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," <u>Nussle v. Porter</u>, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies, <u>Booth v. Churner</u>, 532 U.S. 731, 121 S. Ct. 1819 (2001).

Inasmuch as Payne admits that he has not yet received a reply to his regular grievance in this matter and that he has failed to file an appeal to the highest level available to him within the prison grievance procedure for any of his claims, he fails to demonstrate that he has complied with pre-filing requirements. Accordingly, I find this action must be dismissed pursuant to §1997e(a).

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 18th day of April, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge